UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| JASON METZ<br>11769 Elkwood Dr.<br>Cincinnati, OH 45240<br><br>        Plaintiff,<br><br>v.<br><br>AXCESS FINANCIAL SERVICES, INC.<br>100 Commercial Drive<br>Fairfield, OH 45014<br><br>        Defendant. | Case No. 1:18CV72<br><br>Judge |

## COMPLAINT AND JURY DEMAND

Plaintiff Jason Metz, by and through counsel, for his Complaint against Defendant Axcess Financial Services, Inc. ("Axcess") states as follows:

### I. PRELIMINARY STATEMENT

1. Mr. Metz brings this action to redress discrimination and retaliation in violation of the Americans with Disabilities Act; Family and Medical Leave Act; and the laws of the state of Ohio.

2. This action arises out of Mr. Metz's employment with Axcess. Mr. Metz alleges that Axcess unlawfully subjected him to discrimination because he suffers from a cardiovascular condition—in addition to other ailments, and subsequently terminated him from his position as a Collections Specialist II.

3. Accordingly, Mr. Metz seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both his economic and non-economic injuries. He also seeks liquidated and/or punitive damages, and his reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. This Court's jurisdiction is invoked under the provisions of 28 U.S.C. § 1331, as Mr. Metz's claims arise under the Americans with Disabilities Act and the Family and Medical Leave Act. This Court may assume supplemental jurisdiction over Mr. Metz's state law claim under Ohio Rev. Code § 4112.01 *et seq.* pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

5. Venue within this Court is appropriate because the events given rise to the claims occurred within the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Jason Metz is a United States citizen and resident of Ohio. At all times relevant hereto, he was employed by Axcess as a Collections Specialist II.

7. Defendant Axcess Financial Services, Inc. provides financial products and services to consumers and businesses. Axcess is an "employer" as that term is defined in the Family Medical Leave Act, the Americans with Disabilities Act, and the Ohio Civil Rights Act.

## IV. ADMINISTRATIVE HISTORY

8. Mr. Metz has exhausted his administrative remedies. On February 16, 2017, Mr. Metz filed a timely charge of disability discrimination and retaliation against Axcess Financial Services, Inc. with the Equal Employment Opportunity Commission ("EEOC")

(473-2017-00492). He alleged that Axcess's reasons for terminating him were pretext for illegal discrimination and retaliation on the basis of his disability. Subsequently, the EEOC issued a Notice of Right to Sue on November 8, 2017. This action is brought within 90 days of receipt of the right-to-sue notice.

## V. STATEMENT OF THE CASE

9. Mr. Metz worked for Axcess Financial as a Collections Specialist II for five years.

10. In January 2016, Mr. Metz had corrective heart surgery—which included six bypasses. Mr. Metz also suffers from additional impairments to his kidneys, liver, and colon. The leave of absence to undergo heart surgery exhausted 12 weeks of FMLA leave.

11. After exhausting his FMLA leave, Mr. Metz continued to miss work occasionally due to flare ups of his disability.

12. Mr. Metz discussed his occasional need for leave as an accommodation for his disability with his supervisor, Meranda Bird.

13. Subsequently, in June 2016, Mr. Metz submitted a request for an accommodation for leave as needed to attend medical appointments. Axcess denied his request.

14. Mr. Metz also requested that Axcess adjust his goals to reflect the time he was required to miss work to undergo treatment for his disabilities. Again, Axcess refused. Nevertheless, Mr. Metz was generally able to meet his goals.

15. In December 2016, Mr. Metz again requested an accommodation that would allow him to miss work occasionally because of his disability. He also put Ms. Bird on notice that his FMLA leave would be available again beginning in January 2017.

16. On January 6, 2017, Ms. Bird informed Mr. Metz that he was going to be given 24 attendance points because Careworks, Axcess's third-party benefits administrator, had allegedly not received paperwork from his physician concerning his request for an

accommodation. Mr. Metz responded that he had been in touch with Careworks and that he had an appointment with his physician on January 17 to ensure that the paperwork was completed and submitted properly.

17. On January 20, 2017, Axcess terminated Mr. Metz for an alleged violation of an unwritten company policy.

18. Axcess's reasons for terminating Mr. Metz were pretext for illegal discrimination and retaliation. As a result of Axcess's illegal actions, Mr. Metz has suffered damages, including lost wages, lost benefits, and emotional distress.

## VI. STATEMENT OF CLAIMS

### COUNT I – AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. § 12101 et seq.)

19. Mr. Metz hereby incorporates by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20. Mr. Metz suffers from several physical impairments that substantially limit the normal operation of one or more major bodily functions, including his circulatory system and digestive system. Axcess was aware of those disabilities.

21. Mr. Metz requested reasonable accommodations for his disabilities, including, but not limited to, changes to his schedule to allow him to attend medical appointments, and changes to his goals to account for time missed due to his disability.

22. Axcess discriminated against Mr. Metz by denying him reasonable accommodations and by terminating his employment on the basis of his disabilities.

23. As a direct and proximate result of Axcess's unlawful conduct, Mr. Metz has suffered injury and damage, and is entitled to relief.

24. Axcess acted with malice and a conscious disregard for Mr. Metz's federally-protected rights.

### COUNT II – FAMILY AND MEDICAL LEAVE ACT
### (29 U.S.C. § 2615 *et seq.*)

25. Mr. Metz hereby incorporates by reference the allegations set forth in Paragraphs 1 through 24 as if fully set forth herein.

26. Mr. Metz exercised his rights protected under the FMLA by taking a leave of absence for his heart condition, and when he notified his supervisor, Ms. Bird, that he would be taking FMLA leave again once he had leave available.

27. Axcess interfered with Mr. Metz's protected rights under the FMLA when it terminated him for exercising his rights, and when it failed to adjust his goals to account for his leave.

28. Mr. Metz's use of FMLA leave was a negative factor in Axcess's decision to terminate his employment.

### COUNT III – OHIO CIVIL RIGHTS ACT
### (O.R.C. § 4112.01, *et seq.*)

29. Mr. Metz hereby incorporates by reference the allegations set forth in Paragraphs 1 through 28, as if fully set forth herein.

30. Mr. Metz suffers from several physical impairments that substantially limit the normal operation of one or more major bodily functions, including his circulatory system and digestive system. Axcess was aware of those disabilities.

31. Mr. Metz requested reasonable accommodations for his disabilities, including, but not limited to, changes to his schedule to allow him to attend medical appointments, and changes to his goals to account for time missed due to his disability.

32. Axcess discriminated against Mr. Metz by denying him reasonable accommodations and by terminating his employment on the basis of his disabilities.

33. As a direct and proximate result of Axcess's unlawful conduct, Mr. Metz has suffered injury and damage, and is entitled to relief.

34. Axcess acted with malice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Metz seeks the following relief:

1. An award of compensatory damages for all economic damages suffered by Mr. Metz in an amount to be determined at trial, plus prejudgment interest;

2. An equal amount in liquidated damages.

3. An award of compensatory damages for all non-economic damages suffered by Mr. Metz in an amount to be determined at trial;

4. An award of punitive damages in an amount to be determined at trial;

5. An award of all Mr. Metz's costs and reasonable attorney fees incurred in connection with this action; and

6. All such additional relief to which Mr. Metz is entitled.

    Respectfully submitted,

    s/ Brian J. Butler
    Brian J. Butler (Ohio Bar No. 0082675)
    Marc D. Mezibov (Ohio Bar No. 0019316)
    MEZIBOV BUTLER
    615 Elsinore Place Suite 105
    Cincinnati, Ohio 45202
    Telephone: (513) 621.8800
    Telecopier: (513) 621.8833
    bbutler@mezibov.com
    mmezibov@mezibov.com

    *Attorneys for Plaintiff Jason Metz*

## JURY DEMAND

Plaintiff Jason Metz demands that all issues of fact in the foregoing complaint be tried to a jury.

s/ Brian J. Butler_____
Brian J. Butler (Ohio Bar No. 0082675)
